MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
  mmatern@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
  mgordon@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone:  (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiff
MICHAEL FITCHETT, on behalf of
himself and all others similarly situated

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL FITCHETT, an
individual, on behalf of himself and
all others similarly situated,

          Plaintiff,

      vs.

McLANE COMPANY, INC., a
Texas corporation;
MEADOWBROOK MEAT
COMPANY, INC., a North Carolina
corporation; McLANE
FOODSERVICE DISTRIBUTION,
INC., a North Carolina corporation;
and DOES 1 through 50, inclusive,

        Defendants.

Case No. 5:19-cv-00023-PSG-SHK

[Assigned to the Honorable
Philip S. Gutierrez, Courtroom 6A]

**PLAINTIFF MICHAEL FITCHETT'S
OPPOSITION TO DEFENDANT
MEADOWBROOK MEAT
COMPANY, INC. N/K/A McLANE
FOODSERVICE DISTRIBUTION,
INC.'S MOTION TO DISMISS
AND/OR STRIKE PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Date:        June 10, 2019
Time:        1:30 p.m.
Courtroom: 6A
Judge:     Hon. Philip S. Gutierrez

Complaint Filed:  October 17, 2018
FAC Filed:     February 22, 2019
Removal Date:  January 4, 2019
Trial Date:    None Set

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION .......................................................................1

II.    STATEMENT OF FACTS............................................................1

III.   PROCEDURAL HISTORY .........................................................3

III.   LEGAL STANDARD .................................................................4

IV.    ARGUMENT ...........................................................................5

   A.  Sufficient Facts Have Been Pled for Restitutionary Relief Based on
       Violations of Overtime, Minimum Wage and Premium Wage Laws .......5

       1.     Plaintiff's Labor Code Section 226.7 Claim is Restitutionary in
              Nature  Because Employees Have a Vested Interest in Those
              Payments Which Accrue and Become Payable *Immediately*
              Upon the Employer's Failure to Provide Rest and Meal Breaks.5

              a.  This Court Supports Plaintiff's Position that Section
                  226.7 Payments are Wages, not Penalties...............9

              b.  Defendant's Contrary Authorities are Irrelevant ...…11

       2.     Plaintiff's UCL Claim Based on Defendant's Failure to Pay
              Overtime Wages is Legally Sufficient ......................................12

              a.  Defendant Has Failed to Show that Plaintiff Meets an
                  Exemption for Overtime……………………………..12

              b.  Plaintiff Alleges Sufficient Facts to Predicate the UCL
                  Claim on a Failure to Pay Overtime Wages………...13

       3.     Plaintiff Alleges Sufficient Facts to Predicate the UCL Claim on
              a Failure to Pay Minimum Wages ............................................19

   B.  Plaintiff's Request for Attorneys' Fees Under Cal. Civ. Proc. Code
       Section 1021.5 is Legally Valid...............................................................21

1

**TABLE OF CONTENTS (cont'd)**

2

C. McLane's Admission that it is the Same Entity as MCI is Legally
   Binding.....................................................................................23

3

4

D. Plaintiff Should Be Granted Leave to Amend to Cure Any Purported
   Deficiencies..............................................................................24

5

6

V.     CONCLUSION ..............................................................................25

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,

5

556 U.S. 662 (2009)……………………………………………………4

6

*American Title Ins. Co. v. Lacelaw Corp.*

7

861 F.2d 224, 226-27 (9th Cir. 1988)……………………………...23-24

8

*Bell Atl. Corp. v. Twombly*,

9

550 U.S. 544 (2007)……………………………………………………4

10

*Braden v. Wal-Mart Stores, Inc.*,

11

588 F.3d 585 (8th Cir. 2009)…………………………………………4

12

*Brandon v. Nat'l R.R. Passenger Corp. Amtrak*,

13

No. CV 12-5796 PSG VBKX, 2013 WL 800265

14

(C.D. Cal. Mar. 1, 2013)……………………………………………1, 10

15

*Brewer v. Gen. Nutrition Corp.*,

16

No. 11-CV-3587 YGR, 2015 WL 5072039

17

(N.D. Cal. Aug. 27, 2015)…………………………………...10-11, 12

18

*Brown v. Wal-Mart Stores, Inc.*,

19

No. C 08-5221 SI, 2013 WL 1701581 (N.D. Cal. Apr. 18, 2013)………….13

20

*Bush v. Vaco Tech. Servs., LLC*,

21

No. 17-CV-05605-BLF, 2018 WL 2047807 (N.D. Cal. May 2, 2018)…….20

22

*Cahill v. Liberty Mut. Ins. Co.*,

23

80 F.3d 336 (9th Cir. 1996)…………………………………………… 4

24

*Cardenas v. McLane Foodservs., Inc.*,

25

796 F. Supp. 2d 1246 (C.D.Cal.2011)…………………………………19

26

*Chand v. Burlington Coat Factory of California, LLC*,

27

No. CV F 13-2008 LJO JLT, 2014 WL 726837 (E.D. Cal. Feb. 24, 2014…11

28

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Christian Legal Soc. Chapter of Univ. of Cal., Hastings College of Law v. Martinez,*
  561 U.S. 661, 677 (2010)……………………………………………...23

*Dawson v. HITCO Carbon Composites, Inc.,*
  No. CV16-7337 PSG FFMX, 2017 WL 7806618
  (C.D. Cal. Jan. 20, 2017)………………………………………………17

*DiPirro v. Bondo Corp.,*
  153 Cal.App.4th 150 (2007)…………………………………………...22

*Dittmar v. Costco Wholesale Corp.*,
  No. 14cv1156–LAB (JLB), 2016 WL 3387464 (S.D. Cal. June 20, 2016)...10

*Export Group v. Reef Indus., Inc.,*
  54 F.3d 1466 (9th Cir.1995)…………………….…………………….22

*Flannery v. Cal. Highway Patrol,*
  61 Cal.App.4th 629 (1998)…………………………………...22-23

*Fu-Gen, Inc. v. Los Angeles Cmty. Coll. Dist.,*
  No. CV1203229GAFSSX, 2012 WL 13013040
  (C.D. Cal. Aug. 10, 2012)……………………………………..19

*Gomez v. J. Jacobo Farm Labor Contractor, Inc.,*
  188 F. Supp. 3d 986 (E.D. Cal. 2016)………………………………...19

*Guerrero v. Halliburton Energy Services, Inc.*,
  231 F. Supp. 3d 797, 803 (2017)…………………………………….13

*Guerrero v. Halliburton Energy Servs., Inc.,* No. 1:16-CV-1300-LJO-JLT,
  2016 WL 6494296 (E.D. Cal. Nov. 2, 2016)…………..………….....17

*Holmes v. Elec. Document Processing, Inc.*,
  966 F. Supp. 2d 925 (N.D. Cal. 2013)………………………………5

1

## <u>TABLE OF AUTHORITIES (cont'd)</u>

2

<u>Page(s)</u>

3   *Horton v. NeoStrata Co. Inc.,*

4       No. 316CV02189AJBJLB, 2017 WL 2721977 (S.D. Cal. June 22, 2017)…10

5   *In re Taco Bell Wage and Hour Actions,*

6       222 F. Supp. 3d 813 (E.D. Cal. 2016)………………………………………22

7   *Jackson v. Carey,*

8       353 F.3d 750 (9th Cir. 2003)……………………………………………..24

9   *Jones v. Spherion Staffing LLC,*

10       No. LA CV11-06462 JAK, 2012 WL 3264081 (C.D. Cal. Aug. 7, 2012)….11

11   *Jurin v. Google, Inc.,*

12       695 F. Supp. 2d 1117 (E.D. Cal. 2010)…………………………………....4

13   *Kamar v. RadioShack Corp.,*

14       No. CV 07-2252 AHM (AJWx), 2008 WL 2229166

15       (C.D. Cal. May 15, 2008)…………………………………………………..10

16   *Korte v. Dollar Tree Stores, Inc.,*

17       No. CIV S-12-541 LKK/EFB, 2013 WL 2604472

18       (E.D. Cal. June 11, 2013)…………………………………………………...12

19   *Knappenberger v. City of Phoenix,*

20       566 F.3d 936 (9th Cir. 2009)……………………………………………4-5

21   *Landers v. Quality Communications, Inc.,*

22       771 F.3d 638 (9th Cir. 2014)……………………………………..15, 16, 20

23   *Lopez v. Smith,*

24       203 F.3d 1122 (9th Cir. 2000)…………………………………………5, 24

25   *Mackin v. City of Coeur D'Alene,*

26       551 F. Supp. 2d 1205 (D. Idaho 2008)…………………………………...24

27

28

**TABLE OF AUTHORITIES (cont'd)**

Page(s)

*Makaneole v. Solarworld Indus. Am., Inc.,*
2014 WL 8102530 (D. Or. Dec. 8, 2014)……………………………………...17

*Miller v. City of Los Angeles,*
No. CV 13-5148-GW (CWX), 2014 WL 12610195
(C.D. Cal. Aug. 7, 2014)…………………………………………………...18-19

*Morongo Band of Mission Indians v. Rose,*
893 F.2d 1074 (9th Cir. 1990)………………………………………………24

*Muniz v. United Parcel Serv., Inc.,*
738 F.3d 214 (9th Cir. 2013)………………………………………………....9

*Nguyen v. Baxter Healthcare Corp.,*
No. 8:10-CV-01436-CJC, 2011 WL 6018284 (C.D. Cal. Nov. 28, 2011)….11

*Ovieda v. Sodexo Operations, LLC,*
No. CV 12–1750 GHK (SSx), 2012 WL 1627237 (C.D.Cal. May 7, 2012...17

*Peloza v. Capistrano Unified Sch. Dist.,*
37 F.3d 517(9th Cir. 1994)…………………………………………………...4

*Platte Anchor Bolt, Inc. v. IHI, Inc.,*
352 F. Supp. 2d 1048 (N.D. Cal. 2004)……………………………………...5

*Raphael v. v. Tesoro Ref. & Mktg. Co. LLC,*
No. 2:15-CV-02862-ODW EX, 2015 WL 4127905
(C.D. Cal. July 8, 2015)……………………………………………………..17

*Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.,*
No. 15-CV-00624-LB, 2017 WL 9614085 (N.D. Cal. Mar. 16, 2017)……...18

*Sanchez v. Ritz Carlton,*
No. CV153484PSGPJWX, 2015 WL 5009659
(C.D. Cal. Aug. 17, 2015)………………………………………………16-17

1

## <u>TABLE OF AUTHORITIES (cont'd)</u>

2

<u>Page(s)</u>

3    *Save Our Heritage Org. v. City of San Diego,*

4        11 Cal.App.5th 154 (2017)……………..…………………………………23

5    *Schaffer v. GTE, Inc.,*

6        40 F. App'x 552 (9th Cir. 2002)…………..………………………………9

7    *Soratorio v. Tesoro Ref. & Mktg. Co., LLC*,

8        No. CV171554MWFRAOX, 2017 WL 1520416

9        (C.D. Cal. Apr. 26, 2017)…………………………………………17, 18

10   *Standard Fire Ins. Co. v. Knowles,*

11       568 U.S. 588 (2013)……….………………………………………..23

12   *Tan v. Grubhub, Inc.,*

13       No. 15-CV-05128-JSC, 2016 WL 3743365 (N.D. Cal. July 13, 2016)…….15

14   *Thompson v. Target Corp.*,

15       No. CV12-10-MWF (MRWX), 2012 WL 12883954

16       (C.D. Cal. Aug. 2, 2012)…………………………………………10

17   *Tomlinson v. Indymac Bank, F.S.B.,*

18       359 F. Supp. 2d 891, 896-97 (C.D.Cal.2005)………………………10

19   *Tompkins v. 23andMe, Inc.,*

20       840 F.3d 1016 (9th Cir. 2016)……………………………………9, 11

21   *Villalpando v. Exel Direct, Inc.*,

22       No. 12-cv-04137-JCS, 2015 WL 5179486 (N.D. Cal. Sept. 3, 2015)………13

23   *Villegas v. J.P. Morgan Chase & Co.,*

24       No. C 09-00261 SBA, 2009 WL 605833 (N.D. Cal. Mar. 9, 2009)………..18

25   *Wren v. RGIS Inventory Specialists,*

26       256 F.R.D. 180 (N.D. Cal. 2009)……………………………………...20

27

28

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*White v. Starbucks Corp.,*

    497 F. Supp. 2d 1080 (2007)……………………………………………..20

*Yadira v. Fernandez,*

    No. C-08-05721 RMW, 2011 WL 2434043 (N.D. Cal. June 14, 2011………9

*Yuckming Chiu v. Citrix Sys., Inc.,*

    No. SA CV 11-1121 DOC, 2011 WL 6018278 (C.D. Cal. Nov. 23, 2011)...15

*Zhong v. Aug. Aug. Corp.,*

    498 F. Supp. 2d 625 (S.D.N.Y. 2007)…………………………………17

**Federal Rules**

Fed. R. Civ. P. 8(a)(2)…………………………………………………….4

Fed. R. Civ. P. 12(b)(6)…………………………………………....1, 3, 4, 15

Fed. R. Civ. P. 12(f)……………………………………………………...3, 5

Fed. R. Civ. P. 15(a)(2)…………………………………………………24

**State Cases**

*Armenta v. Osmose, Inc.,*

    135 Cal.App.4th 314 (2005)……………………………………………..19

*Bluford v. Safeway Stores, Inc.,*

    216 Cal.App.4th 864 (2013)……………………………………………..20

*Bui v. Nguyen,*

    230 Cal.App.4th 1357 (2014)……………………………………………21

*California State Council of Carpenters v. Superior Court,*

    11 Cal.App.3d 144 (1970)

*Children & Families Com. of Fresno County v. Brown,*

    228 Cal.App.4th 45 (2014)………………………………………………23

PLAINTIFF'S OPPOSITION TO MOTION
TO DISMISS AND/OR STRIKE FAC
Case No. 5:19-cv-00023-PSG-SHK

1

**TABLE OF AUTHORITIES (cont'd)**

2

Page(s)

3   *Collins v. Overnite Transp. Co.,*

4          105 Cal.App.4th 171 (2003)

5   *Cortez v. Purolator Air Filtration Prod. Co.,*

6          23 Cal.4th 163 (2000)

7   *Davis v. Ford Motor Credit Co. LLC,*

8          179 Cal.App.4th 581 (2009)

9   *Espejo v. The Copley Press, Inc.,*

10          13 Cal.App.5th 329 (2017)

11   *Gonzalez v. Downtown LA Motors, LP,*

12          215 Cal.App.4th 36 (2013)

13   *Hays v. Bank of America Nat. Trust & Savings Ass'n,*

14          71 Cal.App.2d 301 (1945)

15   *Kirby v. Immoos Fire Protection, Inc.,*

16          53 Cal.4th 1244 (2012)

17   *Korea Supply Co. v. Lockheed Martin Corp.,*

18          29 Cal.4th 1134 (2003)

19   *Kraus v. Trinity Management Services, Inc.,*

20          23 Cal.4th 116 (2000)

21   *Martinez v. Combs,*

22          49 Cal.4th 35 (2010)

23   *Murphy v. Kenneth Cole Productions, Inc.,*

24          40 Cal.4th 1094 (2007)

25   *Nordquist v. McGraw-Hill Broad. Co.,*

26          32 Cal.App.4th 555 (1995)

27

28

## <u>TABLE OF AUTHORITIES (cont'd)</u>

<u>Page(s)</u>

*Ramirez v. Yosemite Water Co., Inc.,*

     20 Cal.4th 785, 794 (1999)……………………………………………12

*Safeway, Inc. v. Superior Court,*

     238 Cal.App.4th 1138 (2015)……………...………………………..7

*Woodland Hills Residents Assn., Inc. v. City Council,*

     23 Cal.3d 917 (1979)…………………...…………………………...22

*Zhang v. Superior Court*,

     57 Cal.4th 364 (2013)…………………………………...………21

**State Statutes**

Cal. Bus. & Prof. Code § 17200………………………………………..21

Cal. Code Civ. Proc. § 338, subd. (a)………………….………………….7

Cal. Code. Civ. Proc. § 340, subd. (a)……………………………………..7

Cal. Code. Civ. Proc. § 1021.5………………………………………21-23

Cal. Lab. Code § 218.5……………………………………………………11

Cal. Lab. Code § 226.7………………………………………………*passim*

Cal. Lab. Code § 226.7, subd. (a)……………………………………….6

Cal. Lab. Code § 226.7, subd. (b)……………………………………….6

Cal. Lab. Code § 510………………………………….………………,,,13

Cal. Lab. Code § 1194.2, subd. (a)……………………………………….8

Cal. Lab. Code § 1194.2, subd. (b)……………………………………….8

Cal. Lab. Code § 1194…………………………………………....13, 19

**Other Authorities**

9 J. Wigmore, Evidence (J. Chadbourn rev.1981)………,,,,,…………………..23

83 C.J. S., Stipulations § 93 (2000)……………………………………23

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Meadowbrook Meat Company, Inc. N/K/A McLane Foodservice Distribution, Inc. ("McLane" or "Defendant") moves to dismiss Plaintiff's First Amended Complaint ("FAC") under Fed. R. Civ. P. 12(b)(6) based on the spurious contention that his Unlawful Competition Law ("UCL") cause of action is derivative of and predicated upon factually deficient claims.

McLane's motion is grounded on erroneous legal arguments and inapposite legal authorities which conspicuously ignore California binding judicial precedent.

Specifically, the California Supreme Court and its progeny have held that a UCL claim for violation of California Labor Code § 226.7 is restitutionary in nature because it is based on the recovery of wages - which immediately vest upon an employer's failure to provide a meal or rest break - not the imposition of a penalty. Even *this Court* has acknowledged that fact. *Brandon v. Nat'l R.R. Passenger Corp. Amtrak*, No. CV 12-5796 PSG VBKX, 2013 WL 800265, at *4 (C.D. Cal. Mar. 1, 2013) (finding that unpaid missed meal periods are wages recoverable under the UCL). For this reason and the myriad other reasons discussed in this opposition, McLane's motion to dismiss should be denied.

### II.   STATEMENT OF FACTS

Plaintiff and class members are currently or formerly employed by McLane as non-exempt truck drivers who are/were compensated on a piece-rate basis according to mileage and the number of stops on a route, with some separate pay for non-driving tasks. Dkt. 15, ¶¶14, 25. However, Defendant['s] piece-rate scheme failed to separately compensate Plaintiff and class members for meal and rest periods and other nonproductive time under the employers' control that was not directly related to their driving, including but not limited to time spent completing paperwork and waiting during delays. Dkt. 15, ¶¶ 14, 20, 21.

Defendant['s] common scheduling policies and practices require truck drivers to complete deliveries within 10 hours of driving time in a workday and pressure drivers to perform their duties in ways that omit full 30-minute off-duty meal breaks. Dkt. 15, ¶17. In fact, Plaintiff's supervisor instructed him to record a meal period on his driver log but continue working through that period to timely complete his route deliveries. *Id.* For example, although Plaintiff worked over 5 hours during the workweeks ending on October 19, 2014 and October 26, 2014, he could not complete his driving routes in 10 hours without omitting a 30-minutes off-duty meal period. *Id.* Despite knowledge of these facts, Defendant[] pressured or encourage Plaintiff and class members to forego these periods without compensating them for the failure to provide meal periods. *Id.* Defendant[] also had a common practice of failing to pay Plaintiff and class members any meal period premium wages for Defendant['s] failure to provide meal periods to them. *Id.* at ¶18.

Moreover, Defendant[] failed to provide rest periods to Plaintiff and class members, failed to compensate them for rest periods separate from any piece-rate compensation and failed to pay Plaintiff and class members rest premium wages for Defendant['s] failure to provide rest periods. *Id.* at ¶¶20-22. Based on the above violations, Plaintiff and class members were denied compensation for all hours worked during their meal and rest periods. *Id.* at ¶¶19, 23.

Defendant[] also maintained a common policy of failing to compensate Plaintiff and class members for all overtime hours they worked by failing to pay them overtime wages, requiring that they work off the clock and through meal breaks and illegally and inaccurately recording the time they worked. *Id.* at ¶¶24-26. Defendant[] also maintained a common policy of failing to pay Plaintiff and class members minimum wages for all hours worked by requiring that they work off the clock and through meal breaks and failing to compensate them for rest periods separate from piece-rate compensation and illegally and inaccurately

recording the time they worked. *Id.* at ¶¶27-28.  Defendant[] did not pay Plaintiff for any rest periods separate and apart from piece-rate compensation during the workweeks ending on October 19, 2014 and October 26, 2014.  *Id.* at ¶28.

All of these violations constitute unlawful business practices because they were done repeatedly over a significant period of time and in a systematic manner, to Plaintiff and class members' detriment. *Id.* ¶31.

## III.   PROCEDURAL HISTORY

On October 17, 2018, Plaintiff filed a putative class action complaint in the San Bernardino County Superior Court on behalf of himself and other similarly situated employees against Defendants McLane Company, Inc. and Meadowbrook Meat Company, Inc. ("MCI") for their violation of California's UCL based on multiple violations of California's Labor Code.  Dkt. 1, Ex. A. On January 4, 2019, Defendants removed the action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Dkt. 1.

On February 1, 2019, Defendants filed a Motion to Dismiss and/or Strike Plaintiff's Complaint for lack of personal jurisdiction over MCI and a Motion to Dismiss and/or Strike Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f). Dkts. 10, 11. On February 22, 2019, and prior to the hearing date on the Motions to Dismiss, Plaintiff filed a FAC substituting McLane in place of MCI. Dkt. 15. The FAC alleges one cause of action for violation of California's UCL based on Defendants' failure to provide required meal and rest periods, failure to pay overtime wages and failure to pay minimum wages,

On March 4, 2019, the parties stipulated to (1) dismissing MCI; (2) with-drawing the pending Motions to Dismiss; and (3) granting McLane additional time to respond to the FAC.  Dkt. 17. The Court approved the stipulation on March 7, 2019. Dkt. 18. Thereafter, on April 11, 2019, McLane filed the instant Motion to Dismiss and/or Strike the FAC Pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f).
///

### III.   LEGAL STANDARD

"On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party." *Jurin v. Google, Inc*., 695 F. Supp. 2d 1117, 1120 (E.D. Cal. 2010) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).  "Rule 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Jurin*, 695 F. Supp. 2d at 1120, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A complaint does "not need detailed factual allegations." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544 at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662 (citing *Twombly*, 550 U.S. at 556, 570 ["[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"]).  In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.*  Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice.").

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936,

942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

Rule 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored, and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation . . . .'" *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (alteration in original) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* (quoting *Platte*, 352 F. Supp. 2d at 1057).

## IV.  ARGUMENT

### A.  <u>Sufficient Facts Have Been Pled for Restitutionary Relief Based on Violations of Overtime, Minimum Wage and Premium Wage Laws</u>

McLane's motion to dismiss Plaintiff's one and only cause of action under the UCL fails on its face because it is predicated on the erroneous conclusion that the underlying Labor Code violations are insufficiently pled and legally untenable. As demonstrated below, they are neither.

### 1.  Plaintiff's Labor Code Section 226.7 Claim is Restitutionary in Nature Because Employees Have a Vested Interest in Those Payments Which Accrue and Become Payable *Immediately* Upon the Employer's Failure to Provide Rest and Meal Breaks

A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal.4th 163, 173 (2000). The California Supreme Court has

defined a restitution order "as one 'compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person.' " (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144-45 (2003) (citing *Kraus v. Trinity Management Services, Inc*., 23 Cal.4th 116, 126-27 (2000)).

McLane's principle contention is that meal and rest break violations are not subject to restitution under the UCL because, in Defendant's view, payments for those violations constitute "liquidated damages", i.e., a penalty, not wages. Dkt. 21, pp. 19-20.

This argument is devoid of merit.

Section 226.7, subdivision (a) prohibits an employer from requiring "any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." *Murphy v. Kenneth Cole Productions, Inc., 40 Cal.4th 1094, 1102 (2007). Subdivision (b) of the statute states that " 'If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer must pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.' " *Murphy,* 40 Cal.4th at 1102.

The determination of whether the "additional hour of pay" under Labor Code § 226.7 constitutes restitution for purposes of a UCL claim turns on whether it is a "wage" or a "penalty." *Murphy,* 40 Cal.4th at 1102.

The California Supreme Court has categorically declared that a Labor Code § 226.7 claim qualifies as a "wage", not a penalty.

///

///

In *Murphy,* 40 Cal.4th at 1100-01, "an employee successfully asserted certain wage-related claims before the Labor Commissioner." *Safeway, Inc. v. Superior Court,* 238 Cal.App.4th 1138, 1148 (2015) (citing *Murphy,* 40 Cal.4th at 1100-01). "After the employer sought de novo review of the ruling, the trial court permitted the employee to supplement his claims with a claim under section 226.7, and issued an award that included payment for missed meal and rest breaks." *Safeway,* 238 Cal.App.4th at 1148 (citing *Murphy,* 40 Cal.4th at 1101).

"Before the Supreme Court, the employer contended that the ' " 'additional hour of pay' " ' specified in § 226.7 constituted a penalty, and thus that the employee's claim was subject to the one-year limitations period applicable to penalties (Code. Civ. Proc., § 340, subd. (a)), rather than the three-year limitations period applicable to ' "a liability created by statute" ' (Code Civ. Proc., § 338, subd. (a))." *Safeway,* 238 Cal.App.4th at 1149 (citing *Murphy,* 40 Cal.4th at 1102). "In rejecting that contention, the Supreme Court concluded that the additional pay set forth in § 226.7 is a ' "dual-purpose" ' remedy intended primarily to compensate employees, and secondarily to shape employer conduct." *Safeway,* 238 Cal.App.4th at 1149 (citing *Murphy,* at 1110-11).

The Supreme Court stated:

> [A]n employee is entitled to the additional hour of pay *immediately upon being forced to miss a rest or meal period*. In that way, a payment owed pursuant to [Labor Code] section 226.7 is akin to an *employee's immediate entitlement to payment of wages* or for overtime.

*Id*. at p. 1108, emphasis added.

Thus, § 226.7 vests immediately upon the failure to provide the required break. *Murphy,* 40 Cal.4th at 1108; *Safeway,* 238 Cal.App.4th at 148, 1156, fn. 5 (stating that "[a]s explained in *Murphy,* an employee's right to the premium

wages *vests* prior to any action taken to enforce that right", and "[f]or that reason, employers owe the premium wages in the absence of any request by employees or payment authorization by their supervisors", citing *Murphy,* 40 Cal.4th at 1102-11, original emphasis).

In reaching its decision, the *Murphy* Court looked to "extrinsic sources, such as the ostensible objectives to be achieved by the statute, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction and the statutory scheme of which the statute is a part." *Id.* at 1104-05. The Court determined that "the administrative and legislative history of the statute indicates that, whatever incidental behavior-shaping purpose section 226.7 serves, the Legislature intended section 226.7 *first and foremost to compensate employees* for their injuries." *Murphy*, 40 Cal.4th at 1110-11, emphasis added.[1] The Court held that "[t]his conclusion is consistent with our prior holdings that statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees." *Id.*

In contrast, other California Labor Code provisions which make employers "subject to" penalties require the employee or Labor Commissioner to take some action to enforce them. *Id.* at 1108. See e.g., Cal. Lab. Code § 1194.2, subd. (a), (b) (providing for "liquidated damages" due to an employer's payment of less than the ///

---

[1]    *Murphy* referenced the IWC hearing transcript, of which Defendant requests judicial notice. Dkt. 21, Ex. A. Plaintiff has objected to this request on multiple grounds, including the fact that it is incomplete. For this reason, Defendant's assertion that "'penalty' (as opposed to 'wage') was the *only* term used throughout the hearing to describe the payments" cannot be verified. Dkt. 21 at 20, fn. 9. Even if the Court grants judicial notice of the partial transcript, it should accord it no weight because the commissioners misrepresent the law in stating that the "hour of pay" remedy under § 226.7 is a penalty "in the same way that overtime pay is a 'penalty,'" As *Murphy* points out, "it is clear that overtime pay is considered *a wage*...." *Id.* at 1109 (citing *Cortez,* 23 Cal.4th at 167, emphasis added).

minimum wage and further providing that "[a] suit may be filed for "liquidated damages…."").

*Murphy* makes it transparently clear that Petitioner has an *immediate entitlement* to premium wages for meal and rest break violations and therefore has an ownership interest in those funds. *Ibid.* Thus, a Labor Code § 226.7 claim is one for "a premium wage intended to compensate employees, not a penalty." *Murphy,* 40 Cal.4th at 1114.

Other California Supreme Court and appellate courts support this view. See *Korea,* 29 Cal.4th at 1149 ("restitution is broad enough to allow a plaintiff to recover money or property in which he or she has a vested interest."); *Cortez,* 23 Cal.4th at 168, 178 ("unlawfully withheld wages are property of the employee within the contemplation of the UCL" because "[o]nce earned, those unpaid wages become property to which the employees were entitled").

This Court is *mandated* to follow the California Supreme Court decisions on this issue because those decisions are binding on federal courts applying California law. *Tompkins v. 23andMe, Inc.,* 840 F.3d 1016, 1023 (9th Cir. 2016) ("In discerning California law, '[d]ecisions of the California Supreme Court, including reasoned dicta, are binding on us as to California law.' ", citing *Muniz v. United Parcel Serv., Inc.,* 738 F.3d 214, 219 (9th Cir. 2013)); *Schaffer v. GTE, Inc.,* 40 F. App'x 552, 556 (9th Cir. 2002) ("[W]hen interpreting a California statute like FEHA in the absence of a federal question, this court is bound by decisions of the California Supreme Court which interpret FEHA, not by decisions of federal courts which interpret Title VII."; *Yadira v. Fernandez,* No. C-08-05721 RMW, 2011 WL 2434043, at *5 (N.D. Cal. June 14, 2011 ("*California Supreme Court's interpretation of the California Labor Code is controlling*", emphasis added).

///

///

1   This Court is thus bound by the California Supreme Court's holding that a

2   claim brought under § 226.7 is one for wages and not penalties and constitutes

3   restitution for purposes of the UCL.

4       **a.**    **This Court Supports Plaintiff's Position that Section 226.7**

5           **Payments are Wages, not Penalties**

6   Although the Ninth Circuit has not weighed in on this issue, several district

7   courts have adopted Plaintiff's position, *including this Court*:

8       As to Plaintiff's claims for restitution, Plaintiff

9       seeks restitution for unpaid meal and rest periods and

10      unreimbursed business expenses. *These expenses are*

11      *restitutionary and therefore recoverable under the UCL.*

12  *Brandon*, 2013 WL 800265, at *4, citing *Tomlinson v. Indymac Bank, F.S.B.,* 359

13  F. Supp. 2d 891, 896-97 (C.D.Cal.2005) (finding that unpaid missed meal periods

14  are wages recoverable under the UCL, emphasis added).

15  See also *Horton v. NeoStrata Co. Inc.,* No. 316CV02189AJBJLB, 2017 WL

16  2721977, at *9 (S.D. Cal. June 22, 2017) (holding that § 226.7 payments are

17  restitutionary and recoverable under the UCL)*; Dittmar v. Costco Wholesale Corp.*,

18  No. 14cv1156–LAB (JLB), 2016 WL 3387464, at *3 (S.D. Cal. June 20, 2016)

19  (same)*; Thompson v. Target Corp.*, No. CV12-10-MWF (MRWX), 2012 WL

20  12883954, at *4 (C.D. Cal. Aug. 2, 2012) (same); and *Tomlinson,* 359 F. Supp. 2d

21  at 896-97 (payments under § 226.7 are restitutionary because they are akin to

22  payment of overtime wages to an employee: both are "earned wages" and thus

23  recoverable under the UCL."); *Kamar v. RadioShack Corp.*, No. CV 07-2252 AHM

24  (AJWx), 2008 WL 2229166, at *15 (C.D. Cal. May 15, 2008) ("In the employment

25  context, an employee has an immediate entitlement to and therefore vested interest

26  in earned wages and monies akin to wages", citing *Murphy*, 40 Cal.4th at 1108 and

27  specifically referring to "rest or meal period premium."); *Brewer v. Gen. Nutrition*

28

1    *Corp.,* No. 11-CV-3587 YGR, 2015 WL 5072039, at *18 (N.D. Cal. Aug. 27,

2    2015), citing *Murphy,* 40 Cal.4th at 1103 ( "[t]he definition of 'wages' is construed

3    broadly in favor of employees."); *Chand v. Burlington Coat Factory of California,*

4    *LLC,* No. CV F 13-2008 LJO JLT, 2014 WL 726837, at *9 (E.D. Cal. Feb. 24,

5    2014) (acknowledging that defendant "fails to demonstrate that unpaid overtime

6    and meal and rest period premiums are not 'unlawfully withheld wages.' ")

7    **b.    Defendant's Contrary Authorities are Irrelevant**

8        Because California Supreme Court authorities control here, Defendant's

9    contrary federal authorities should be disregarded. *Tompkins,* 840 F.3d at 1023.

10        Additionally, other reasons render those cases inapposite. For instance,

11    Defendant cites *Nguyen v. Baxter Healthcare Corp.,* No. 8:10-CV-01436-CJC,

12    2011 WL 6018284, at *8 (C.D. Cal. Nov. 28, 2011) for the proposition that "missed

13    meal breaks" are "liquidated damages".  In addition to the fact that this statement

14    contradicts *Murphy* which governs here, liquidated damages may be considered

15    "compensation". *California State Council of Carpenters v. Superior Court*, 11

16    Cal.App.3d 144, 162 (1970) (finding liquidated damages provision to

17    be compensatory); *Hays v. Bank of America Nat. Trust & Savings Ass'n,* 71

18    Cal.App.2d 301, 304 (1945) (stating that liquidated damages under FLSA are

19    "merely supplemental and incidental to the contract of employment" and therefore

20    are compensatory, not penal). Defendant cites *Jones v. Spherion Staffing LLC,* No.

21    LA CV11-06462 JAK, 2012 WL 3264081, at *8 (C.D. Cal. Aug. 7, 2012) for dicta

22    in *Murphy,* 40 Cal.4th at 1113 that § 226.7 "compensates the employee for events

23    other than time spent working" but *Murphy's* holding takes precedence here.

24        *Kirby v. Immoos Fire Protection, Inc.,* 53 Cal.4th 1244, 1256 (2012), cited in

25    *Jones,* does not support McLane's position because *Kirby* was "narrowly limited"

26    to an attorney fee dispute under California Labor Code § 218.5. Yet, *Kirby*

27    "affirmed *Murphy*'s holding that a missed meal period payment was a 'wage' for

28

purposes of the statute of limitations" while acknowledging that the *legal violation* triggering the remedy is *not* nonpayment of wages." (*Brewer*, 2015 WL 5072039, at *18, citing *Kirby,* 53 Cal.4th at 1256; *Kirby,* 53 Cal.4th at 1257, original emphasis.)

In light of the above-cited binding state judicial authorities, Judge Fischer's decision, of which judicial notice is inappropriate, is irrelevant because it contradicts settled California law.

### 2.   Plaintiff's UCL Claim Based on Defendant's Failure to Pay Overtime Wages is Legally Sufficient

Like McLane's contention regarding the viability of Plaintiff's § 226.7 claim, its argument that Plaintiff's overtime claim is factually deficient lacks merit.

#### a.   *Defendant Has Failed to Show that Plaintiff Meets an Exemption for Overtime*

McLane seeks dismissal on the ground that the applicable wage order exempts Plaintiff from California's overtime laws because Plaintiff's hours of service are allegedly regulated by the U.S. Department of Transportation. Dkt. 21 at 8.  This argument fails.

The assertion of an exemption from California overtime laws is considered an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Ramirez v. Yosemite Water Co., Inc*., 20 Cal.4th 785, 794-95 (1999); *Korte v. Dollar Tree Stores, Inc*., No. CIV S-12-541 LKK/EFB, 2013 WL 2604472, at *5 (E.D. Cal. June 11, 2013).  Defendant has failed to make any showing that Plaintiff meets the qualifications for this exemption.  Exemptions to California's overtime laws are narrowly construed against the employer and their application is "limited to those employees plainly and unmistakably within their terms." *Nordquist v. McGraw-Hill Broad. Co*., 32 Cal.App.4th 555, 562 (1995). Whether an exemption applies is a fact-intensive inquiry best resolved on a motion

1    for summary adjudication.  *See, e.g. Villalpando v. Exel Direct, Inc.*, No. 12-cv-

2    04137-JCS, 2015 WL 5179486, at *29-33 (N.D. Cal. Sept. 3, 2015).

3        McLane attempts to shift the burden to Plaintiff to prove that he is *not*

4    covered by an exemption to California's overtime laws. *See* Dkt. 21 at 9.  However,

5    it is Defendant's burden to prove that an exemption applies to Plaintiff based on a

6    factual inquiry.  Plaintiff's FAC specifically alleges that he was employed by

7    Defendant as a "non-exempt truck driver."  Dkt. 15, ¶ 6.  Plaintiff's allegation that

8    he is not covered by the DOT exemption is sufficient to survive Defendant's

9    motion to dismiss.  *See Guerrero v. Halliburton Energy Services, Inc.*, 231 F. Supp.

10   3d 797, 803 (2017) ("At this stage of the proceedings, Plaintiff's allegation that he

11   is not covered by the DOT exemption is sufficient to survive Defendant's motion to

12   dismiss," which the court denied as to the overtime claim).

13       Defendant's authorities are distinguishable.  In *Brown v. Wal-Mart Stores,*

14   *Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *7 (N.D. Cal. Apr. 18, 2013), the

15   court granted the defendant's motion to dismiss because plaintiffs acknowledged

16   that they were exempted from overtime laws either by the DOT or a California

17   regulation, yet still alleged violations on behalf of some plaintiffs and class

18   members who are not exempt by these laws.  Similarly, in *Collins v. Overnite*

19   *Transp. Co.*, 105 Cal.App.4th 171, 180 (2003), the employees did not contest that

20   they were subject to the DOT exemption.  *See Guerrero*, 231 F. Supp. 3d at 803, fn.

21   4 (distinguishing *Brown* and *Collins* because the plaintiffs in those cases

22   acknowledged they were exempted from overtime laws).

23           ***b.      Plaintiff Alleges Sufficient Facts to Predicate the UCL***

24                    ***Claim on a Failure to Pay Overtime Wages***

25       Not only is McLane wrong on the law, it is wrong on the facts. California

26   Labor Code §§ 510 and 1194 require McLane to compensate Plaintiff and class

27   members for all overtime work. *Martinez v. Combs*, 49 Cal.4th 35, 49 (2010) ("any

28

1    employee receiving less than the legal minimum wage or the legal overtime

2    compensation applicable to the employee is entitled to recover in a civil action the

3    unpaid balance of the full amount of this minimum wage or overtime

4    compensation.").

5        McLane contends that the FAC "contains no allegations that plausibly

6    suggest [Plaintiff] worked any uncompensated overtime hours." Dkt. 21 at 22.

7        The FAC belies that contention.

8        Specifically, the FAC alleges that Defendant "maintained a common policy

9    of failing to compensate Plaintiff and class members for all overtime hours

10   worked….by, among other things: failing to pay overtime at one and one-half (1 ½)

11   or double the regular rate of pay…requiring Plaintiff and class members to work off

12   the clock; requiring, permitting or suffering Plaintiff and class members to work

13   through meal breaks, illegally and inaccurately recording time in which [they]

14   worked…." Dkt. 15, ¶25.

15       The FAC further alleges that Defendant's "piece-rate compensation system

16   did not provide for the payment of any overtime compensation to Plaintiff and class

17   members who worked in excess of eight (8) hours per day and/or forty (4) [sic]

18   hours per week, for the first eight (8) hours on the seventh consecutive workday, or

19   for double time for hours worked in excess of twelve (12) hours in any workday

20   and for all hours worked in excess of eight (8) hours on the seventh consecutive day

21   of work in any workweek."

22       Then, the FAC alleges that "[f]or example, during the workweeks ending on

23   October 19, 2014 and October 26, 2014, Plaintiff worked more than eight (8) hours

24   in a workday, but Defendant[] failed to pay him overtime compensation at one and

25   one-half times his regular rate of pay for all hours worked in excess of eight (8)

26   hours per workday." Dkt. 15 at ¶25.

27   ///

28

Thus, Defendant is simply wrong when it claims that the FAC is factually deficient on the overtime claim. *Yuckming Chiu v. Citrix Sys., Inc.,* No. SA CV 11-1121 DOC, 2011 WL 6018278, at *4–5 (C.D. Cal. Nov. 23, 2011) (rejecting defendant's argument that the FAC contained boilerplate allegations where the FAC "alleged that [plaintiff] and some of the Putative Class members were discharged or quit within the statute of limitations applicable to this claim and have failed to receive the overtime wages due to them…are more than adequate to put Defendant on notice of Plaintiff's claim, which is all that is required to survive a Rule 12(b)(6) motion."); *Tan v. Grubhub, Inc.,* No. 15-CV-05128-JSC, 2016 WL 3743365, at *2 (N.D. Cal. July 13, 2016) ("Plaintiffs' allegations give rise to the plausible inference" that they were denied overtime by alleging that " 'Lawson worked approximately forty-five hours' during the week of November 30, 2015 and 'was not paid at time-and-a-half for the hours in excess of forty.' "…and "[t]aking as true Plaintiffs' allegations that drivers are unable to perform personal non-work activities during a shift…one could reasonably infer that Defendants violated the minimum wage and overtime laws where Lawson's entire 45-hour work week in November 2015 was compensable."

Likewise, one could *reasonably infer* that Plaintiff was denied overtime based on the above-stated exemplar allegation that Defendant failed to pay Plaintiff for the two stated weekends in which he worked more than eight (8) hours a day. Dkt. 15, ¶25. Plaintiff also alleges a plausible overtime claim based on McLane's piece-rate compensation system which failed to provide any overtime wages. *Id.*

The allegations are consistent with *Landers v. Quality Communications, Inc.,* 771 F.3d 638, 646 (9th Cir. 2014) which states that plaintiffs pleading an overtime claim are "not expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer, [but] they should be able to allege facts demonstrating there was at least one workweek in which they worked in

15

excess of forty hours and were not paid overtime wages." The FAC meets this test in that the allegations provide sufficient information to support a reasonable inference that Plaintiff worked overtime. Dkt. 15 at ¶25. Thus, the FAC "include[s] plausible factual allegations that the plaintiff was a victim of the defendant's alleged violations of the labor laws." *Sanchez v. Ritz Carlton,* No. CV153484PSGPJWX, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015). The pleading is also in line with *Boon v. Canon Business Solutions, Inc.,* 592 F. App'x 631, 632 (9th Cir. 2015) (allegation that plaintiff regularly worked more than eight hours in a day and forty hours in a week "satisfy the pleading requirements of *Landers*"), cited by Defendant.

In sum, Plaintiff's allegations state more than "a conceivable" claim for overtime wages; they state a *plausible* one. *Landers,* 771 F.3d at 643.

Plaintiff's allegations distinguish this action from those cases cited by McLane where the motion to dismiss was granted (albeit with leave to amend), including *Landers,* 771 F.3d at 646 ("Notably absent from the allegations in Landers' complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages.")[2]; *Anderson v. Blockbuster Inc.,* No. CV 10–158 MCE (GGH), 2010 WL 1797249, at *2-4 (E.D.Cal. May 4, 2010) (finding insufficient an allegation that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week"); *Perez v. Wells Fargo and Co.,* 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014) (facts insufficient to state denial of overtime claim where "there are no details pled as to any specific named plaintiff-not where he/she worked, not what his/her job duties were, not what the circumstances were under

---

[2]      The plaintiff in *Landers* declined to amend his pleading. *Landers,* 771 F.3d at 646.

which any plaintiff was allegedly not paid minimum wage "and/or" overtime in a particular week."); *Guerrero v. Halliburton Energy Servs., Inc.,* No. 1:16-CV-1300-LJO-JLT, 2016 WL 6494296, at *4 (E.D. Cal. Nov. 2, 2016) (granting leave to amend on overtime claim because the allegations "preclude the Court from making a plausible inference that Defendants engaged in the alleged conduct during at least one workweek."); *Makaneole v. Solarworld Indus. Am., Inc.,* 2014 WL 8102530, *11 (D. Or. Dec. 8, 2014) (no specific workweek alleged in which defendant failed to pay overtime wages due, thus overtime claim not properly pled); *Soratorio v. Tesoro Ref. & Mktg. Co., LLC*, No. CV171554MWFRAOX, 2017 WL 1520416, at *6 (C.D. Cal. Apr. 26, 2017) ("Complaint fails to specify facts showing at least one work week in which overtime wages were not properly paid."); *Raphael v. v. Tesoro Ref. & Mktg. Co. LLC,* No. 2:15-CV-02862-ODW EX, 2015 WL 4127905, at *3 (C.D. Cal. July 8, 2015) (claims failed because plaintiff "includes no relevant facts or dates during which these alleged violations occurred"); *Zhong v. Aug. Aug. Corp.,* 498 F. Supp. 2d 625, 630 (S.D.N.Y. 2007) (overtime claim not stated under FLSA because pleading allegations conflict and general averment that plaintiff was not paid for overtime is insufficient); and *Dawson v. HITCO Carbon Composites, Inc.,* No. CV16-7337 PSG FFMX, 2017 WL 7806618, at *2 (C.D. Cal. Jan. 20, 2017) (no overtime claim alleged).

      Plaintiff's FAC is also different from the overtime claim pled in *Sanchez,* 2015 WL 5009659, at *3, which this Court dismissed with leave to amend because there were "no direct allegations" about either plaintiff's "specific employment experiences".  Nor is this case like *Ovieda v. Sodexo Operations, LLC,* No. CV 12–1750 GHK (SSx), 2012 WL 1627237, at *2 (C.D.Cal. May 7, 2012) where the "Plaintiff fails to allege that she even once worked a shift long enough to obligate Defendant to provide her with a rest period...."

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Citing to *Villegas v. J.P.  Morgan Chase & Co.,* No. C 09-00261 SBA, 2009 WL 605833 (N.D. Cal. Mar. 9, 2009)*,* McLane complains that Plaintiff does not specify whether he suffered a violation *every* workday, *some* workdays, or just on "*a* workday." Dkt. 21 at 25. However, *Villegas* does not require such language and it is distinctly different from our case because the plaintiff in *Villegas* did not allege, as she represented, "that she worked more than 40 hours in a work-week and more than 8 hours in a work day"; instead, she only alleged "a statement of the law and not a statement of facts as they apply to the plaintiff."  *Villegas,* 2009 WL 605833, at *4-5.  On the other hand, Plaintiff has alleged a "statement of facts as they apply to [him]." *Id.*

McLane also complains that Plaintiff, who alleges that he received *some* separate pay for non-driving tasks (Dkt. 15, ¶ 14), does not identify those tasks or how he was compensated, i.e., hourly or otherwise. Dkt. 21 at 25-26. However, McLane cites no authority holding that such detail is required and erroneously interprets the allegation as ambiguous. The allegation cannot be reasonably construed to mean that Plaintiff was "fully compensated", as McLane suggests. Dkt. 21, at 26. "Some" does not mean "all". For that same reason, the allegation does not give rise to "two alternative explanations, only one of which would result in liability", as in *Soratorio,* 2017 WL 1520416, at *5.

Lastly, Defendant's demand for more specificity regarding Plaintiff's claim that he worked through meal breaks to explain how Plaintiff's piece-rate compensation and partial separate pay for non-driving tasks failed to compensate him and what work he performed off the clock, resulting in overtime pay owed to him, is misguided. "A plaintiff is not required to prove its case at the pleadings stage and instead must plausibly plead it." *Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.,* No. 15-CV-00624-LB, 2017 WL 9614085, at *4 (N.D. Cal. Mar. 16, 2017); *Miller v. City of Los Angeles,* No. CV

13-5148-GW (CWX), 2014 WL 12610195, at *7 (C.D. Cal. Aug. 7, 2014) (same) *Fu-Gen, Inc. v. Los Angeles Cmty. Coll. Dist.,* No. CV1203229GAFSSX, 2012 WL 13013040, at *5 (C.D. Cal. Aug. 10, 2012) (same). Plaintiff has done just that.

### 3.    Plaintiff Alleges Sufficient Facts to Predicate the UCL Claim on a Failure to Pay Minimum Wages

"Notwithstanding any agreement to work for a lesser wage..." an employee paid less than minimum wage may seek the unpaid balance. *Gomez v. J. Jacobo Farm Labor Contractor, Inc.,* 188 F. Supp. 3d 986, 996 (E.D. Cal. 2016) (citing Cal. Labor Code § 1194). California law requires employees to be paid for "all hours" worked "at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation." *Armenta v. Osmose, Inc.*, 135 Cal.App.4th 314, 323 (2005). Thus, "a piece-rate formula that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least minimum wage for all hours worked." *Cardenas v. McLane Foodservs., Inc.*, 796 F. Supp. 2d 1246, 1252 (C.D.Cal.2011); *see also Gonzalez v. Downtown LA Motors, LP*, 215 Cal.App.4th 36, 49 (2013) (noting that employees compensated on a piece-rate basis must be paid minimum wage for all hours worked).

McLane raises the same "insufficiency" contention regarding Plaintiff's minimum wage claim as it raised regarding Plaintiff's overtime claim. Plaintiff's argument in response is the same. Plaintiff has alleged particular instances where he was denied minimum wages, namely, the workweeks ending on October 19, 2014 and October 26, 2014 where he worked over 3.5 hours in a workday and did not received compensation for any rest periods separate and apart from piece-rate compensation. Dkt. 15, ¶28. Defendant's assertion that the facts as pled are insufficient because "Plaintiff just as likely may have ***chosen*** to perform work off-the-clock without notifying [Defendant] that he was doing so" is flawed. Dkt. 21 at

14 [emphasis in original]. "[T]he relevant question is whether an employer suffers or permits such work", not whether Plaintiff "chose" to do so. *Wren v. RGIS Inventory Specialists,* 256 F.R.D. 180, 194 (N.D. Cal. 2009).

There is no requirement, as McLane infers (Dkt. 21 at 13), that Plaintiff allege the number of hours he worked without compensation or proper compensation. *Landers,* 771 F.3d at 646. Nor does McLane cite any authority holding that Plaintiff must allege the type of work he performed without compensation. McLane's reliance on *White v. Starbucks Corp.,* 497 F. Supp. 2d 1080 (2007), for the principle that Plaintiff has to *prove* that McLane "had actual or constructive knowledge of his alleged off-the-clock work", is misplaced because *White* is a summary judgment case, not a pleading case. *Bush v. Vaco Tech. Servs., LLC,* No. 17-CV-05605-BLF, 2018 WL 2047807, at *8 (N.D. Cal. May 2, 2018) is also distinguishable because the plaintiff in that case pled "no facts raising the inference that she or any of the class members worked more than 40 hours in a given week without being compensated for that time." In contrast, Plaintiff has pled specific facts – that he worked over 3.5 hours in a workday, but was not paid for any rest periods separate and apart from piece-rate compensation – "raising the inference" that he was not properly compensated. *Id.* at *8.

McLane asserts that Plaintiff's allegation that he was not paid for rest periods separate and apart from piece-rate compensation does not amount to a minimum wage violation. This assertion is also fallacious. "[A] piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law". *Bluford v. Safeway Stores, Inc.,* 216 Cal.App.4th 864, 872 (2013); *Gonzalez,* 215 Cal.App.4th at 49 (employees compensated on a piece-rate basis must be paid minimum wage for all hours worked).

///

///

1    In addition to the piece-rate violation, Plaintiff has alleged that Defendant

2    failed to provide rest periods in accordance with state law and failed to compensate

3    him with rest period premium wages. Dkt. 15, ¶¶1, 12, 20-23, 30, 32.

4    Lastly, McLane again attacks the sufficiency of Plaintiff's allegation that he

5    was required to work though meal breaks without pay because Plaintiff does not

6    spell out how the piece-rate compensation failed to compensate him during those

7    periods and again argues for more specificity regarding his non-driving tasks. The

8    same arguments Plaintiff made in response to these contentions regarding his

9    overtime claim apply to these contentions regarding his minimum wage claim.

10   **B.    Plaintiff's Request for Attorneys' Fees Under Cal. Civ. Proc. Code**

11          **Section 1021.5 is Legally Valid**

12   McLane argues that the Court should strike Plaintiff's request for attorneys'

13   fees under California Code of Civil Procedure § 1021.5 because Plaintiff's

14   purported objective, according to McLane, is "to advance his *individual economic*

15   *interests* and recover alleged 'wages and other compensation' *for himself*." Dkt. 21

16   at 19 (emphasis in original). McLane is, once more, incorrect.

17   A litigant is eligible for attorneys' fees under § 1021.5 if "(a) a significant

18   benefit, whether pecuniary or nonpecuniary, has been conferred on the general

19   public or a large class of persons, (b) the necessity and financial burden of private

20   enforcement, or of enforcement by one public entity against another public entity,

21   are such as to make enforcement appropriate, and (c) such fees should not in the

22   interest of justice be paid out of the recovery." Code Civ. Proc. § 1021.5.

23   Courts have repeatedly held that a prevailing plaintiff in an UCL claim may

24   seek attorneys' fees under § 1021.5. *See, e.g., Zhang v. Superior Court*, 57 Cal.4th

25   364, 371, fn. 4 (2013); *Davis v. Ford Motor Credit Co. LLC*, 179 Cal.App.4th 581,

26   600 (2009); *Bui v. Nguyen*, 230 Cal.App.4th 1357, 1366 (2014) ("A plaintiff may

27   ///

28

seek attorney fees under section 1021.5 in successfully prosecuting a claim under the unfair competition law, Business and Professions Code section 17200 et seq.").

Furthermore, courts have awarded attorneys' fees under § 1021.5 to plaintiffs who prevail in UCL claims based on predicate wage and hour violations, such as this case.  *See, e.g., Espejo v. The Copley Press, Inc*., 13 Cal.App.5th 329, 377 (2017) (court did not abuse discretion in determining that the requirements of § 1021.5 to justify a fee award were satisfied in a case in which a class of plaintiff newspaper home delivery carriers was awarded restitution in the amount of $3,188,445 for reimbursement of business expenses); *In re Taco Bell Wage and Hour Actions*, 222 F. Supp. 3d 813 (E.D. Cal. 2016) (finding plaintiffs entitled to attorneys' fees under § 1021.5 for wage and hour claims).

McLane actually cites a California Supreme Court decision which supports Plaintiff's position because the Court reversed a judgment denying attorney fees and remanded the case for reconsideration of that issue in light of the recent passage of § 1021.5. In *Woodland Hills Residents Assn., Inc. v. City Council,* 23 Cal.3d 917, 925 (1979), the Court acknowledged that § 1021.5 provides "explicit statutory authority for court-awarded fees under a private attorney general theory." The fact that the Legislature may not have intended to authorize such an award in *all cases* involving a statutory violation, is irrelevant dicta. *Id.* at 939; *Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1472 (9th Cir.1995) (holding that statements were dicta where they "were not necessary to the decision").

McLane's other authorities are off point because they are not pleading cases but involved rulings after the merits of the action were decided. See, e.g., *DiPirro v. Bondo Corp.,* 153 Cal.App.4th 150, 199-200 (2007) (after obtaining favorable judgment, defendant-manufacturer was denied attorney fees under § 1021.5 because defendant "did not confer the requisite significant benefit upon the public" since its main interest in the litigation was avoidance of costs of placing warnings on

product); *Flannery v. Cal. Highway Patrol,* 61 Cal.App.4th 629, 637-38 (1998) (following judgment on jury verdict in harassment and wrongful termination action brought under the Fair Employment and Housing Act ("FEHA"), trial court properly denied plaintiff attorney fees requested under § 1021.5 for multiple reasons including that the lawsuit's primary effect was to vindicate his own personal right and economic interest and § 1021.5 was "unnecessary" because FEHA provided its own mechanism authorizing a fee award); *Save Our Heritage Org. v. City of San Diego,* 11 Cal.App.5th 154, 161-62 (2017) (defendant was denied attorney fees under § 1021.5 because defendant "was not the type of party against whom the court may impose such an award because [defendant] did nothing to compromise public rights."); *Children & Families Com. of Fresno County v. Brown,* 228 Cal.App.4th 45, 59-61 (2014) (post-judgment order denying attorney fees under § 1021.5 affirmed because trial court correctly determined that the financial burden of the litigation was not out of proportion to plaintiffs' pecuniary stakes in the proceedings).

### C.   McLane's Admission that it is the Same Entity as MCI is Legally Binding

McLane admits that it and MCI are one and the same. Dkt 21 at 1, fn. 2. This judicial admission renders McLane's joint employer argument moot. *Standard Fire Ins. Co. v. Knowles,* 568 U.S. 588, 592-93 (2013) (citing 9 J. Wigmore, Evidence § 2588, p. 821 (J. Chadbourn rev.1981) (defining a "judicial admission or stipulation" as an "express waiver made ... by the party or his attorney conceding for the purposes of the trial the truth of some alleged fact" (emphasis deleted); *Christian Legal Soc. Chapter of Univ. of Cal., Hastings College of Law v. Martinez,* 561 U.S. 661, 677 (2010) (describing a stipulation as " 'binding and conclusive' " and " 'not subject to subsequent variation' " (quoting 83 C.J. S., Stipulations § 93 (2000)); 9 Wigmore, *supra,* § 2590, at 822 (the "vital feature" of a

1  judicial admission is "universally conceded to be its *conclusiveness* upon the party

2  making it"); *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226-27 (9th

3  Cir. 1988) ("statements of fact contained in a brief may be considered admissions

4  of the party...."), italics omitted; *Mackin v. City of Coeur D'Alene*, 551 F. Supp. 2d

5  1205, 1207 and fn. 2 (D. Idaho 2008), *aff'd*, 347 Fed.App'x 293 (9th Cir. 2009)

6  (treating statements made by plaintiffs in their opposition to a motion to dismiss

7  as judicial admissions).

8          D.      **Plaintiff Should Be Granted Leave to Amend to Cure Any**

9                  **Purported Deficiencies**

10         Dismissal with leave to amend should be freely given "when justice so

11  requires."  Fed. R. Civ. P. 15(a)(2).  This policy is applied with "extreme

12  liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

13  Cir. 1990); *Lopez*, 203 F.3d at 1127 (holding that dismissal with leave to amend

14  should be granted even if no request to amend was made).  Dismissal without leave

15  to amend is appropriate only when the court is satisfied that the deficiencies in the

16  complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d

17  750, 758 (9th Cir. 2003).

18         Although McLane claims that Plaintiff has had two opportunities to include

19  all factual details with respect to his claims, the initial complaint was drafted based

20  on state law pleading standards rather than federal pleading standards.  Because any

21  defects in the complaint can be cured by amendment, Plaintiff should be granted

22  leave to file an amended complaint if the Court grants McLane's motion.

23  ///

24  ///

25  ///

26  ///

27  ///

28

PLAINTIFF'S OPPOSITION TO MOTION
TO DISMISS AND/OR STRIKE FAC
Case No. 5:19-cv-00023-PSG-SHK

1

**V.     CONCLUSION**

2

         For all of the foregoing reasons, Plaintiff respectfully requests that the Court

3

deny Defendant's Motion in its entirety.

4

DATED: May 20, 2019                    Respectfully submitted,

5

                                       MATERN LAW GROUP, PC

6

7

                             By:    /s/ Matthew J. Matern
                                    MATTHEW J. MATERN

8

                                    MATTHEW W. GORDON

9

                                    Attorneys for Plaintiff
                                    MICAHEL FITCHETT, on behalf of himself

10

                                    and all others similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28